**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MICHAEL DUTCHER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:26-cv-00692-MTS |
| | ) | |
| CENTURION MEDICAL SERVICES, | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Plaintiff Michael Dutcher is currently incarcerated in a Missouri prison after he pleaded guilty to two counts of first-degree murder, second-degree kidnapping, and attempted murder arising from his role in a botched prison escape that resulted in the deaths of a correctional officer and an infirmary nurse. *State v. Dutcher*, 14 N.W.3d 381, 2024 WL 4369618, at *1 (Iowa Ct. App. 2024) (table decision). He is a frequent filer of civil actions. *See Dutcher v. Precythe*, 4:23-cv-1553-SEP, ECF No. 33 at 1 (E.D. Mo. Sept. 30, 2024) (collecting cases). In this action, he brought multiple claims against multiple Defendants stemming from his alleged lack of access to adequate health care, alleging, *inter alia*, that he is not being provided with his preferred cream to soothe the "extremely dry" heels of his feet. Doc. [7] ¶¶ 11–39.

Eleven weeks ago, Defendants the Missouri Department of Corrections and Heather Cofer (together, "Moving Defendants") filed a Motion to Dismiss the claims against them. Doc. [22]. Under Local Rule 4.01(B), Plaintiff had until July 07, 2026, to

file any opposition thereto. On June 30, 2026, Plaintiff requested more time to do so, specifically through July 14, 2026. Doc. [36]. The Court granted him his extension. Doc. [38]. Nevertheless, Plaintiff failed to file any opposition, and on July 16, 2026, the Court granted the Moving Defendants' unopposed Motion to Dismiss, dismissing all the claims against them. Doc. [42].[1]

Plaintiff filed a Motion for Reconsideration regarding the Court's partial dismissal wherein he makes unsworn statements that blame his failure to oppose the Motion on others. *See* Doc. [46]. For example, he maintains that he did not receive a copy of the Motion to Dismiss. *Id.* ¶ 5. But Moving Defendants discharged their service obligation by mailing Plaintiff a copy of the filings. Doc. [22] at 2; *see* Fed. R. Civ. P. 5(b)(2)(C) (providing that "service is complete upon mailing"); 4B *Wright & Miller's Federal Practice & Procedure* § 1148 (4th ed.) ("[N]onreceipt or nonacceptance of the papers by the person to be served generally does not affect the validity of service."). If Plaintiff truly needed a copy of the Motion, he, like any member of the public, could have acquired it from PACER.[2] *See* Doc. [36] ¶ 3 (showing Plaintiff has been aware of Moving Defendant's Motion since at least June 30); *see also Meyhoff v. City of Minot*,

---

[1] Plaintiff has filed a Notice of Appeal regarding the Court's partial dismissal. *See* Doc. [47]. The U.S. Court of Appeals for the Eighth Circuit dismissed Plaintiff's appeal, Doc. [56]; *see* 28 U.S.C. § 1291, but it has not yet issued its mandate, *see* Fed. R. App. P. 41. This Court, though, may consider Plaintiff's Rule 60(b) motion "on the merits and deny it even if an appeal is already pending." *Hunter v. Underwood*, 362 F.3d 468, 475 (8th Cir. 2004).

[2] What is more, the Court has previously informed this same Plaintiff that a federal district court has no duty to provide a plaintiff in a civil action with free copies of publicly available filings and documents. *Dutcher v. Foley*, 4:24-cv-1257-MTS, 2026 WL 1560594, at *1 (E.D. Mo. June 2, 2026). That principle applies with particular force when, like here, the plaintiff is statutorily barred from proceeding *in forma pauperis* in the action. *See* 28 U.S.C. § 1915(g).

1:25-cv-0178-CRH, 2025 WL 2256251, at *1 (D.N.D. Aug. 7, 2025) (discussing PACER, the Public Access to Court Electronic Records service).

Despite having actual knowledge of moving Defendants' Motion for at least ten weeks—and despite the eight weeks that have passed since Plaintiff asked the Court to reconsider its decision granting that unopposed Motion—Plaintiff still has not filed an opposition to it. Indeed, Plaintiff has failed to meet even the deadline to oppose the Motion that he himself proposed. *See* Doc. [45]. Because Plaintiff has offered neither an opposition on the merits of the Motion nor a proper justification for his failure to file one, the Court will deny his Motion for Reconsideration.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration, Doc. [46], is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Extension of Time to Respond to Defendants Missouri Department of Corrections and Heather Cofer's Motion to Dismiss, Doc. [45], is **DENIED** as moot.

Dated this 10th day of September 2026.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE